Tbe opinion of tbe Court was delivered by
Glover, J.
In an action by'tbe plaintiff against A. G. Johnson, tbe defendant became bis bail in December, 1853, and in April, 1856, judgment was entered up against tbe principal.
Tbis action is brought against tbe defendant as surety on tbe bail bond, who resists a recovery on the ground, that bis principal died before tbe judgment was entered up against him. Tbe proof was that A. G. Johnson was tbe captain of a schooner named tbe “Edmondson” which sailed from a port on tbe Delaware Bay, 4 September, 1854, for some port on tbe north coast of South America; that a violent' storm *324 prevailed along tbe coast in September of that year, and that neither tbe vessel, officers, or crew have since been beard of. Tbe jury found for tbe defendant, and tbe plaintiff moves for a new trial on tbe ground, that tbe evidence proved that A. Gr. Johnson bad not been missing or absent for seven years, and that there was no evidence of bis death and that tbe jury, disregarding tbe evidence, and in defiance of tbe law, found a verdict for tbe defendant.
The rule, that tbe presumption of a continuance of life ceases when tbe person has been absent and has not been heard of for a period of seven years, it is argued is a legal presumption, and cannot aid tbe defence because* the period limited to sustain it has not yet expired. If tbe presumption' of death, arising from lapse of time, be a legal intendment, then tbe inference is certain and as a rule of law would be obligatory on tbe jury; but such a presumption is rebuttable —presurwptio legis tantum — and may be disproved either by direct or circumstantial evidence, tbe effect of which tbe jury and not tbe Court must determine.
It is not, however, from tbe presumption arising alone from tbe length of time since Johnson has been beard of, that bis death is inferred, but from tbe prevalence of a violent storm on tbe track of bis vessel about tbe time be sailed, and that neither tbe “Edmondson,” be or bis crew have since been beard of. The conclusion of bis death is inferred from a cause adequate to produce it, coupled with tbe fact that we have no tidings of him since. In an action on a policy of insurance on a ship and cargo, it was held, that there is no fixed rule of law with regard to tbe time after which a missing ship shall be reported to be lost. It is a question of presumption to be governed by tbe circumstances of the particular case. (Houstman vs. Thornton, 3 Eng. C. L. R. 88.) And Mr. Greenleaf says, tbe jury may find the fact of death from tbe lapse of a shorter period than seven years if other circumstances concur, as if the party sailed upon a *325 voyage wbicb long since should have been accomplished, and tbe vessel bas not been beard of. (1 Green. Ev., 46 § 41.) Resting upon similar circumstances, and after an absence of only two years, tbe Prerogative Court bas presumed tbe death of a party and bas granted administration. (In re Sutton, 1 Curt. 595.)
Tbe jury to whom all tbe circumstances of this case were . submitted, having concluded that A. G. Johnson was lost with bis vessel and crew in tbe storm of 1854, we cannot say that their verdict was not authorized by tbe evidence because only three years bad elapsed.
Motion dismissed.
Wardlaw, Withers, Whitner AND MüNro, JJ., concurred.

Motion dismissed.